77,428-06,07

Cause No. 1259446-C
1259447-C

EX PARTE

BOB NICHOLS NORFLEET

§ IN THE 230th DISTRICT COURT
§ of
§ HARRIS COUNTY, TEXAS

## REPLY TO STATE'S ANSWER

Applicantt asserts that Tex.Crim.Proc.Code Ann.art.1107 §4(a) is the wrong standard in which to evaluate claims of "Actual Innocence". Applicant clearly stated in his writ application and his "Statement of the Facts" that he was bringing the forgoing writ before the court on the grounds of actual innocence. Applicant clearly stated that he was presenting a Schlup-Type claim of actual innocence to have his otherwise procerdurally barred claims heard on the merits.

### Standard of Evaluation For "Actual Innocence" Claims

In Schlup v. Delo, 513 U.S. 298, the court ruled that Carrier, 106 S.Ct 2627 set the standard and must govern the miscarriage of justice inquiry when a petition raises a claim of Actual Innocence to avoid a procedural bar to the consideration of the merits constitutional claims.

To establish "Actual Innocence", Applicant must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.(quoting, Schlup v. Delo, 115 S.Ct 851, 867-68)

Judge Friendly's description of the inquiry is appropriate: The habeas court must make it's determination concerning the petitioner's innocence "in light of all the evidence, including that alleged to have been illegally admitted(but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded ot to have become available only after trial."

However, Applicant's evidence is a video tape recording of the bus and-

RECEIVED IN
COURT OF CRIMINAL APPEALS

Abel Acosta, Clerk

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 28 2015

Abel Acosta, Clerk

dent. Applicant relies on this video tape recording of the bus accident to prove his actual innocence claims.

This video tape was also viewed in Applicant's trial. But because of the erroneous jury chrge instructions given to the jury, which failed to limit the definition of the culpable mind state to the result of the aggravated assault offence, the jury following the trial court's instructions, viewed the evidence on the video tape in terms of assessing Applicant's culpable mental state as it applied to his "conduct" in consciously disregarding the safety signals displayed on the back of a stopped school bus and passing it, rather than assessing Applicant's conduct to determine if he was actually aware of the resulting risk of bodily injury. Aggravated assault is a result-oriented offence. Tex. Penal Code.Ann.Art.22.02. See, Banks, 819 S.W. 2d.676 The prosecution in Applicant's trial was required to prove that Applicant actually saw the students in his planned course of travel before he overtook the bus. But because of the erroneous jury charge instructions, compounded by the prosecution's argument which focused on the Applicant's awareness of the bus's brake lights, the entire evidentary picture was manipulated and distorted. Therfor, the jury was not allowed to see this evidence of Applicant's innocence. Therefor, it is only logical to conclude that the evidence Applicant wishes to present to prove his innocence has not been previously presented to the trial court.

Of course, the court may find Applicant's new evidence to be unpersuasive. But, assuming for the purpose of applying its understanding of the Carrier Standard-it surely can not be said that a juror, conscientiously following the judge's instructions requiring proof beyond a reasonable doubt, would vote to convict after a "proper viewing" of the video recording of the bus accident. Under a proper application of Carrier, Applicant's showing of innocence is not insufficient solely because the trial record contained suffi-

cient evidence to support the jury's verdict. In Applicant's case a evidentiary hearing must be held to assess the probative force of the newly presented evidence in connection with the evidence of guilt adduced at trial. In Applicant's case, because the video tape of the bus accident was not viewed in its proper perspective, there was no evidence of Applicant's guilt adduced at trial that pertained to the applicable law of Aggravated Assault. Because the District Court evaluated Applicant's claims under an improper standard, Further preceedings are necessary.

Service has been accomplished by sending a copy of Applicant's Reply to the State's Answer to the following address:

1201 Franklin, Suite 600

Houston, Texas 77002

Signed this __12th__ day of March, 2015

Respectfully submitted

Bob N. Norfleet
McConnel Unit
3001 South Emily
Beeville, Tx 78102